IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| William Cecil Thornton,<br><br>         Petitioner,<br><br>  v.<br><br>Michael Stainer,<br><br>         Respondent. | Case No. 11cv1266 JLS (PCL)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(Doc. No. 4)** |

**MOTION FOR APPOINTMENT OF COUNSEL**

  Petitioner requests the Court appoint counsel to assist him in his habeas case. (Doc. No. 4.) The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. See <u>McCleskey v. Zant</u>, 499 U.S. 467, 495 (1991 (citing <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further"); <u>Nevius v. Sumner</u>, 105 F.3d 453, 460 (9th Cir. 1996) (noting that there currently exists no constitutional right to appointment of counsel in habeas proceedings); <u>Chaney v. Lewis</u>, 801 F.2d 1191, 1196 (9th Cir. 1986).

  However, courts may appoint counsel for financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 where "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); <u>Chaney</u>, 801 F.2d at 1196. Whether or not to appoint counsel is a matter left to the court's discretion, unless an evidentiary hearing is necessary. See <u>Knaubert v. Goldsmith</u>, 791 F.2d 722, 728-30 (9th Cir. 1986) (explaining that the interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition).

Petitioner's petition contains straightforward claims, and no evidentiary hearing has been requested. Accordingly, Petitioner's request for appointment of counsel is **DENIED**.

DATE: <u>January 13, 2012</u>

_____
Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc: The Honorable Sammartino
All Parties and Counsel of Record