# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CECIL THORNTON,<br><br>                              Petitioner,<br><br><br>                    v.<br><br><br><br>MICHEAL STAINER, Warden<br><br><br><br>                              Respondent. | Civil No.    11-1266 JLS (PCL)<br><br><br>**ORDER:**<br><br>**(1) CONSTRUING PETITION AS ONE FILED PURSUANT TO 28 U.S.C. § 2254**<br><br>**(2) DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND,**<br><br>**(3) DENYING MOTION FOR EVIDENTIARY HEARING AS MOOT [ECF No. 9], and**<br><br>**(4) DENYING MOTION FOR ENTRY OF DEFAULT AS MOOT [ECF No. 12.]** |

On June 8, 2011, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, along with a prison trust fund account statement. [ECF No. 1, 2]. By Order dated June 13, 2011, this Court construed Petitioner's trust fund account statement as a request to proceed in forma pauperis, and granted the request. [ECF No. 3.] On March 1, 2012, Petitioner filed a Motion for Evidentiary Hearing, [ECF No. 9], and on March 22, 2012, Petitioner filed a Motion for Entry of Default. [ECF Nos. 9, 12.]

## CONSTRUING ACTION AS ONE PURSUANT TO 28 U.S.C. § 2254

Although Petitioner filed this action pursuant to 28 U.S.C. § 2241, he is a state prisoner attacking the validity of a state court conviction and sentence imposed by the state of California. Therefore, Petitioner may not proceed under section 2241, but may only proceed with a habeas action in federal court under 28 U.S.C. § 2254. White v. Lambert, 370 F.3d 1002, 1006-07 (9th Cir. 2004) (holding that section 2254 is the proper jurisdictional basis for a habeas petition brought by an individual "in custody pursuant to a state court judgment"). Section 2254 is properly understood as "in effect implement[ing] the general grant of habeas corpus authority found in § 2241 as long as the person is in custody pursuant to the *judgment* of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction." [citations omitted.] Id. at 1006 (quoting Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000) (emphasis in original). "By contrast, the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment-for example, a defendant in pre-trial detention or awaiting extradition. In these situations, not covered by the limitations in § 2254, the general grant of habeas authority provided by the Constitution and § 2241 will provide jurisdiction for state prisoners' habeas claims." Id. at 1006 (citing McNeely v. Blanas, 336 F.3d 822 (9th Cir.2003) (allowing a pre-trial detainee to proceed under § 2241).

## FAILURE TO STATE GROUNDS FOR RELIEF IN PETITION

Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition "shall set forth in summary form the facts supporting each of the grounds . . . specified [in the petition]." Rule 2(c), 28 U.S.C. foll. § 2254. See also Boehme v. Maxwell, 423 F.2d 1056, 1058 (9th Cir. 1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner made conclusory allegations instead of factual allegations showing that he was entitled to relief). Here, Petitioner has violated Rule 2(c). Although Petitioner does not fail to state generalized constitutional grounds for relief, he does fail to provide specific factual allegations in support of such grounds.

//

1    While courts should liberally interpret pro se pleadings with leniency and understanding,
2    this should not place on the reviewing court the entire onus of ferreting out grounds for relief.
3    Zichko v. Idaho, 247 F.3d 1015, 1020-21 (9th Cir. 2001).   The Court finds that the Petition contains
4    conclusory allegations without any specific facts in support of relief.

5    The Court would have to engage in a tenuous analysis in order to attempt to identify and
6    make sense of the Petition.   In order to satisfy Rule 2(c), Petitioner must point to a "real
7    possibility of constitutional error." Cf. Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)
8    (internal quotation marks omitted).  Facts must be stated, in the petition, with sufficient detail
9    to enable the Court to determine, from the face of the petition, whether further habeas corpus
10   review is warranted.  Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990).  Moreover, the
11   allegations should be sufficiently specific to permit the respondent to assert appropriate
12   objections and defenses.  Harris v. Allen, 739 F. Supp. 564, 565 (W.D. Okla. 1989).  Here, the
13   lack of grounds for relief in the Petition prevents the Respondent from being able to assert
14   appropriate objections and defenses.

15   Due to Petitioner's unsatisfactory showing, the Court dismisses the action without
16   prejudice.  Should Petitioner decide to file a new petition, he is advised to *clearly and succinctly*
17   state all grounds for relief using the First Amended Petition form sent to Petitioner with this
18   order.

19   **FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

20   Further, habeas petitioners who wish to challenge either their state court conviction or the
21   length of their confinement in state prison, must first exhaust state judicial remedies.  28 U.S.C.
22   § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987).  To exhaust state judicial
23   remedies, a California state prisoner must present the California Supreme Court with a fair
24   opportunity to rule on the merits of every issue raised in his or her federal habeas petition.  28
25   U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34.  Moreover, to properly exhaust state court
26   remedies a petitioner must allege, in state court, how one or more of his or her federal rights
27   have been violated.  The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned:
28   "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal

rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the United States Constitution</u>."  <u>Id.</u> at 365-66 (emphasis added).  For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court."  <u>Id.</u> at 366 (emphasis added).

Nowhere on the Petition does Petitioner allege that he raised his claims in the California Supreme Court.  If Petitioner has raised his claims in the California Supreme Court he must so specify.  "The burden of proving that a claim has been exhausted lies with the petitioner." <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997); <u>see</u> <u>Breard v. Pruett</u>, 134 F.3d 615, 619 (4th Cir. 1998);  <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997);  <u>Oyler v. Allenbrand</u>, 23 F.3d 292, 300 (10th Cir. 1994); <u>Rust v. Zent</u>, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999). <u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed'

1    when its delivery and acceptance [by the appropriate court officer for placement into the record]

2    are in compliance with the applicable laws and rules governing filings.").  However, absent some

3    other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is

4    pending.  <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

5          Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a

6    habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to

7    it that the petitioner is not entitled to relief in the district court . . ."  Rule 4, 28 U.S.C. foll.

8    § 2254.  Here, it appears plain from the Petition that Petitioner is not presently entitled to federal

9    habeas relief because he has not alleged exhaustion of state court remedies.

10                              **<u>CONCLUSION AND ORDER</u>**

11          Based on the foregoing, the Court **CONSTRUES** this action as one filed pursuant to 28

12    U.S.C. § 2254, and **DISMISSES** the petition without prejudice and with leave to amend for

13    Petitioner's failure to state grounds for relief in the petition, and allege exhaustion of state court

14    remedies.  Further, the Court **DENIES** Petitioner's request for an evidentiary hearing as moot,

15    and **DENIES** Petitioner's request for entry of default as moot.  If Petitioner wishes to proceed

16    with this case, he must submit, **no later than <u>May 29, 2012,</u>** a copy of this Order along with a

17    First Amended Petition which cures the pleading deficiencies noted above. ***The Clerk of Court***

18    ***is directed to send Petitioner a First Amended Petition form along with a copy of this Order***.

19          **IT IS SO ORDERED.**

20

21    DATED:  April 5, 2012

22                                        *Janis L. Sammartino*
                                      Honorable Janis L. Sammartino
23                                    United States District Judge

24

25

26

27

28